## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILDEARTH GUARDIANS | ) | |
| 516 Alto Street | ) | |
| Santa Fe, New Mexico 87501 | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 1:18-cv-00233 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. BUREAU OF LAND MANAGEMENT | ) | |
| 1849 C Street N.W. | ) | |
| Washington, D.C. 20240 | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     Defendant is the United States Bureau of Land Management ("BLM"). The BLM has wrongfully withheld records responsive to requests made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

2.     Guardians' filed two separate FOIA requests seeking records documenting communications involving officials within the BLM, including the Acting Director of the BLM. The BLM oversees extensive public land and resources in the United States, especially the American West, including National Parks, offshore oil reserves, Tribal lands and minerals, fish and wildlife, National Refuges, and more. The records sought include email messages, text messages, and voicemails. Guardians intends to disseminate the records to the public to foster a more comprehensive understanding of how these officials communicate, what they communicate

about – especially with respect to the resources they are responsible for managing on behalf of the public, and to whom they communicate.

3.    Contrary to FOIA, the BLM failed to make determinations on Guardians' FOIA requests within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the BLM has violated FOIA, directing the BLM to make determinations on Guardians' FOIA requests, and compelling the BLM to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5.    This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6.    This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7.    Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because the BLM is an agency of the United States with their its office in Washington, D.C., and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

**PARTIES**

8.     Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 202,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9.     Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10.    Guardians, its staff, or one or more of its members have and will suffer direct injury by the Defendants' failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury.  Defendants' refusals to provide timely FOIA access to agency records prevent Guardians' participation in Defendants' time-limited

administrative processes.  Guardians brings this action on behalf of itself, its staff, and its members.

11.   Defendant United States Department of the Interior, Bureau of Land Management, ("BLM") is an agency as defined by 5 U.S.C. § 552(f)(1).  FOIA charges the BLM with the duty to provide public access to records in its possession. The BLM has possession of records sought by Guardians. The BLM is denying Guardians access to these records in contravention of federal law.

### FACTUAL AND LEGAL BACKGROUND

12.   FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

13.   In July 2017, Guardians submitted two separate FOIA requests to the BLM FOIA office requesting communications records for two BLM officials. Each is addressed in turn.

**(A) Acting BLM Deputy Director for Operations, John Ruhs, BLM-2017-00845**

14.   On July 7, 2017, Guardians submitted a FOIA request for John Ruhs' communication records from March 30, 2017 (the "Ruhs request"). On the date of the request, John Ruhs was the Acting BLM Deputy Director for Operations.

15.   On July 19, 2017, the BLM confirmed receipt of the Ruhs request and assigned the Ruhs request the FOIA tracking number BLM-2017-00845.

16.   On October 12, 2017, Guardians sent an email to the BLM FOIA Office requesting an update on the status of FOIA Request BLM-2017-00845 and an estimated date for completion.

17.   On November 13, 2017, the BLM FOIA Office stated that the agency was still processing the search for the request.

18.   The BLM's FOIA Office made no response to Guardians' request for an estimated date for FOIA compliance.

19.   To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' Ruhs request or disclosed records responsive to its request.

20.   Guardians has fully exhausted its administrative remedies for its Ruhs request to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**(B) Acting BLM Director, Mike Nedd, BLM-2017-00846**

21.   On July 7, 2017, Guardians submitted a FOIA request for Mike Nedd's communication records from March 15, 2017 (the "Nedd request"). On the date of the request, Mike Nedd was the Acting BLM Director.

22.   On July 19, 2017, the BLM confirmed receipt of the Nedd request and assigned the request the FOIA tracking number BLM-2017-00846.

23.   On October 12, 2017, Guardians sent an email to the BLM FOIA Office requesting an update on the status of FOIA Request BLM-2017-00846 and an estimated date for completion.

24.   On November 13, 2017, the BLM FOIA Office stated that the agency was still processing the search for the request.

25.   The BLM's FOIA Office made no response to Guardians' request for an estimated date for FOIA compliance.

26.   To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' Nedd request or disclosed records responsive to its request.

27.   Guardians has fully exhausted its administrative remedies for its Nedd request to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CLAIM FOR RELIEF

### Violation of the FOIA: Failure to Make a Determination on Guardians' FOIA Request BLM-2017-00845 Within the Statutory Time Frame

28.   Guardians incorporates all the allegations in this complaint by this reference

29.   BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to FOIA Request BLM-2017-00845 or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

30.   This failure to make a determination on Guardians' FOIA Request BLM-2017-00845 within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. §552.

31.   Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### Violation of the FOIA: Failure to Make a Determination on Guardians' FOIA Request BLM-2017-00846 Within the Statutory Time Frame

32.   Guardians incorporates all the allegations in this complaint by this reference

33.   BLM has not communicated to Guardians the scope of the documents it intends to

produce and withhold in response to FOIA Request BLM-2017-00846 or its reasons for

withholding any documents, and has not disclosed to Guardians records responsive to the FOIA

requests.

34.   This failure to make a determination on Guardians' FOIA Request 2017-00846 within

the time frame required by FOIA is a constructive denial and wrongful withholding of the

records Guardians requested in violation of FOIA, 5 U.S.C. §552.

35.   Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant

to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, with respect to each of Guardians' two separate requests for records,

Guardians respectfully requests that this Court:

A.   Declare that the BLM violated its duty to comply with FOIA's statutory deadlines;

B.   Declare that the BLM has violated FOIA by wrongfully withholding the records

Guardians requested;

C.   Order the BLM to make a determination on each of Guardians' FOIA requests by a date

certain and to promptly provide Guardians with all wrongfully withheld records;

D.   Maintain jurisdiction over this action until the BLM complies with FOIA and every order

of this Court;

E.   Award Guardians its costs and reasonable attorney fees incurred in prosecuting this

action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.   Grant such other and additional relief as this Court deems just and proper

Respectfully submitted on this 31st day of January, 2018,

/s/ Neil S. Kagan
Neil S. Kagan (Bar No. MI0078)

WildEarth Guardians
P.O. Box 51174
Eugene, Oregon 97405
(503) 828-7098
nkagan@wildearthguardians.org

/s/ Kelly E. Nokes
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 209-9545
knokes@wildearthguardians.org

*Attorneys for Plaintiff*